IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY V. YUNIK, | ) | |
| Petitioner, | ) | C.A. No. 08-304 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| MICHAEL HARLOW, et al., | ) | Magistrate Judge Baxter |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Petitioner, Jay V. Yunik, is serving a judgment of sentence imposed on August 29, 2000, by the Court of Common Pleas of Crawford County at Criminal Docket No. CP-20-CR-0001000-1999. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking that judgment of sentence. [Document # 9]. The petition is a second or successive federal habeas petition challenging that judgment of sentence. Because he did not receive from the Third Circuit Court of Appeals an order authorizing this Court to consider this petition, as required by 28 U.S.C. § 2244(b)(3)(A), the Court recommends that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.    REPORT**

   **A.    Relevant Factual and Procedural History**

Petitioner was charged with two counts of rape and numerous related offenses on August 20, 1999. The victim was his thirteen-year-old step grandchild. Petitioner, represented by Edward Hathaway, Esq., appeared before the state court on June 6, 2000, and tendered a plea of guilty to one count of rape. New counsel J. Wesley Rowden, Esq., appeared on Petitioner's behalf at sentencing on August 29, 2000, at which time a 4 ½ to 10 year sentence was imposed.

On January 28, 2002, following a hearing, the Court of Common Pleas denied Petitioner's motion for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.Cons.Stat. § 9541 *et seq*. The Superior Court affirmed on October 24, 2002, and the Pennsylvania Supreme

Court denied his petition for allowance of appeal on April 9, 2003.

Next, Petitioner filed a *pro se* petition for writ of habeas corpus with this Court in which he challenged the state judgment of sentence imposed at Criminal Docket No. CP-20-CR-0001000-1999. That petition was docketed as Yunik v. Colleran, et al., Docket No. 1:03-cv-349 (W.D. Pa.). On December 29, 2004, this Court dismissed the petition with prejudice on the basis that Petitioner's claims were either procedurally defaulted or without merit. On May 5, 2005, the Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. Yunik v. Colleran, et al., Docket No. 05-1434 (3d Cir.).

A review of the Court of Common Pleas' docket sheet, which is available online and of which this Court shall take judicial notice, shows that Petitioner has made various additional attempts in state court for relief from his judgment of sentence, all of which have been unsuccessful. He also filed another federal habeas at Yunik v. Slowitsky, et al., Docket No. 1:07-cv-232 (W.D. Pa.), which the undersigned has also recommended be dismissed for the same reasons set forth herein. In the instant federal habeas petition, he raises various errors challenging the sentence imposed by the Court of Common Pleas.

**B.     Discussion**

Because this petition is a second or successive federal habeas corpus petition that Petitioner has filed in which he challenges his judgment of sentence at Criminal Docket No. CP-20-CR-0001000-1999, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision AEDPA. In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or

successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Third Circuit Court of Appeals establishes that Petitioner has neither sought nor received permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of some appellate rights. See Nara v.

<u>Frank</u>, 488 F.3d 187 (3d Cir. 2007).

>/s/ Susan Paradise Baxter
> SUSAN PARADISE BAXTER
> United States Magistrate Judge

Dated: April 21, 2010

cc:    The Honorable Sean J. McLaughlin
       United States District Judge